UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIM LAMAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NYP HOLDINGS, INC., d/b/a NEW YORK POST, a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR:**<br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and<br>3. VIOLATION OF DMCA 17 U.S.C. § 1202<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Tim Laman ("Laman" or "Plaintiff"), by and through his attorneys Doniger / Burroughs, as and for his complaint against Defendant NYP Holdings, Inc. d/b/a New York Post, alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Defendants, and each of them, because Defendants are domiciled in and/or have purposely availed themselves of the privileges of conducting business in and with the State of New York.

4. Venue is proper under 28 U.S.C. § 1391(b) and 1400(a) because a Defendants are subject to personal jurisdiction in this district and Defendants and/or Defendants' agents reside or may be found in this district.

## PARTIES

5. Laman is an individual residing in Massachusetts.

6. On information and belief, Defendant NYP Holdings, Inc. d/b/a New York Post ("New York Post") is a Delaware corporation doing business in and with the State of New York with its principal office located at 1211 Avenue of the Americas, New York, New York 10036.

7. On information and belief, Defendants Does 1 through 10, inclusive (collectively with New York Post, "Defendants"), are other parties not yet identified who have infringed Laman's copyright, have contributed to the infringement of Laman's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Laman,

who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Laman is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Laman's rights and the damages to Laman proximately caused thereby.

## CLAIMS RELATED TO LAMAN'S PHOTOGRAPHIC WORK

9. Laman is a renowned wildlife photographer and field biologist known for his exceptional work documenting natural history and biodiversity around the world. Laman is a regular contributor to *National Geographic* magazine, and his work has been recognized with numerous awards, including Wildlife Photographer of the Year and World Press Photo awards.

10. Laman created and owns the original photograph depicted below ("Subject Photograph"):

///

///

///

**Subject Photograph**



11. Laman is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph and registered the copyrights for same with the United States Copyright Office prior to the acts complained of herein.

12. Prior to the acts complained of herein, the Subject Photograph was published, including in *National Geographic* magazine.

13. The Subject Photograph was published with attribution identifying Laman as its author.

14. Laman is informed and believes and thereon alleges that Defendant New York Post is a tabloid paper that publishes both in print and online through its website *www.NYPost.com*.

15. Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for commercial benefit including, without limitation, by reproducing the Subject Photograph online at the website *www.NYPost.com*, which is owned and operated by and through New York Post ("Infringing Use"). A true and correct screen capture of the Infringing Use is depicted below:

/ / /

/ / /



16. The above exemplar is not meant to encompass all Infringing Uses; the claims made herein are as to any image displayed, published, licensed, distributed and/or sold by Defendants, and/or each of them, that incorporate without permission, in whole or in part, the Subject Photograph.

17. On information and belief, Defendants, and each of them, had access to the Subject Photograph, including through Laman's numerous online profiles and features, online publications, and press featuring Laman's work, Laman's social media accounts, and/or through viewing the Subject Photograph on third-party websites, including those of Laman's current and former clients, including *National Geographic* magazine.

18. Laman has not in any way authorized Defendants to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph.

19. On August 7, 2024, Laman sent a letter to New York Post notifying them that their unauthorized exploitation of the Subject Photograph infringed upon Laman's copyrights, and demanding they cease and desist in same.

20. Despite this, Laman and Defendants were unable to reach a reasonable resolution to the matter, necessitating this action.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement – Against all Defendants, and Each)

21. Laman repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

22. Laman alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Laman's website or social media profiles, and on other sites online including those of Laman's current or former clients. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Use.

23. Defendants, and each of them, infringed Laman's copyrights by copying, publishing, displaying, and distributing the Subject Photograph to the public for commercial benefit, including without limitation, the website set forth above, without Laman's authorization or consent.

24. Due to Defendants', and each of their, acts of infringement, Laman has suffered and will continue to suffer general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Laman's rights in the Subject Photograph. As such, Laman is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Laman's rights in the Subject Photograph in an amount to be established at trial.

26. Laman alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, and which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Laman will make his election between actual damages and statutory damages.

**SECOND CLAIM FOR RELIEF**

(Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

27. Laman repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

28. Laman alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and distribution of the Subject Photograph as alleged herein. Such conduct included, without limitation, publishing the Subject Photograph obtained from third parties that Defendants knew, or should have known were not authorized to publish the Subject Photograph; publishing the Infringing Use on affiliate, third party, and social media sites; and distributing the Infringing Use to third parties for further publication.

29. Laman alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the unauthorized copy, display, and distribution of the Subject Photograph, and were able to supervise the distribution and publication of same.

30. Due to Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Laman has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as general and special damages in an amount to be established at trial.

31. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Laman's rights in the Subject Photograph. As such, Laman is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Photograph, in an amount to be established at trial.

32. Laman alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF
(Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

33. Laman repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

34. The Subject Photograph was published with attribution, credit, and other copyright management information identifying Laman as the author.

35. Laman alleges on information and belief that Defendants, and each of them, removed Laman's copyright management information from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, before distributing and publishing same.

36. Laman alleges on information and belief, that Defendants, and each of them, distributed and published the Subject Photograph on commercial websites, including but not limited to the commercial website reflected above hereto bearing Defendants' own name, and removing Laman's attribution information, falsely indicating to the public that Defendants own or otherwise have rights in or to the Subject Photograph.

37. When Defendants distributed and published the Subject Photograph, they removed Laman's copyright management information from the Subject Photograph knowing or having reason to know that such removal would induce, enable, facilitate, or conceal infringement in violation of 17 U.S.C. § 1202(b).

38. As a result of the foregoing, Laman has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

Wherefore, Laman prays for judgment as follows:

### **Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Laman's copyrights in the Subject Photograph, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photograph from any print, website, or other publication owned, operated, or controlled by any Defendant.

b. That Laman be awarded all profits of Defendants, and each of them, plus all losses of Laman, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under 17 U.S.C. §§ 504 and 1203, and other applicable law;

c. That a constructive trust be entered over any revenues or proceeds realized by Defendants, and each of them, through their infringement of Laman's intellectual property rights;

d. That Laman recover his attorneys' fees as available under 17 U.S.C. §§ 505 and 1203;

e. That Laman be awarded its costs and fees under the statutes set forth above;

f. That Laman be awarded statutory damages and/or penalties as set forth above;

g. That Laman be awarded pre-judgment interest as allowed by law; and

h. That Laman receive such legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

Laman demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: December 12, 2025  
New York, New York

Respectfully submitted,

DONIGER / BURROUGHS

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Alexandra Licitra, Esq.
247 Water Street, First Floor
New York, New York 10038
P: (310) 590-1820
scott@donigerlawfirm.com
alicitra@donigerlawfirm.com
*Attorneys for Plaintiff*